## HYRNE v. ERWIN.

1. Partners in the practice of medicine are all liable for an injury to a
patient resulting from the negligence, either of omission or commis-
sion, of any one of the partners within the scope of their partnership
business; but for an injury resulting from the act of one partner out-
side of the common business, the offending partner is alone respons-
ible. The subject of the liability of partners generally considered.

2. There is no error in charging a jury that partners in the practice of
medicine are *sureties* for the proper and faithful performance of their
engagements by each of them.

3. The judgment of the Circuit Court on a motion for a new trial in a

case at law, is final as to all questions of fact involved in the motion; for alleged errors of law therein involved, an appeal lies.

4. A point not brought to the attention of the judge below by request to charge, and not ruled upon, not considered here.

Before WALLACE, J., Barnwell, November, 1883.

This was an action by E. W. Hyrne against J. D. Erwin and C. W. Erwin, partners in the practice of medicine, commenced in December, 1882, to recover $5,000, damages for negligent and unskilful conduct in the setting and treatment of plaintiff's broken arm. The testimony shows that the arm was set on the night of December 6, 1881, by Dr. C. W. Erwin, who visited the patient again the next day, but not afterwards until December 10, when sent for, and again the next day, when he took his father, Dr. J. D. Erwin, with him, who then, for the first time, saw the plaintiff. The negligence alleged was in the treatment of the plaintiff's arm by the younger Erwin, before his father was called in, and in the failure to visit between the 7th and 10th of December.

The testimony for the plaintiff tended to show negligence by Dr. C. W. Erwin on these occasions; the testimony for the defendant tended to show that the surgeon had done all that approved practice required.

The opinion of this court states all of the charge that is furnished in the Brief. The exceptions are sufficiently stated in the opinion.

*Mr. Robert Aldrich,* for appellant.

*Mr. J. J. Brown,* contra.

July 15, 1885. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The appellants, father and son, are partners in the practice of medicine in Barnwell County. In December, 1881, the plaintiff had his arm broken by the falling of his horse, and the defendants were called in. Both attended in the first instance, but the case was principally managed afterwards by Dr. C. W. Erwin, the son, both, however, attend-

ing occasionally.[1]   The plaintiff alleged that the attention given
was so negligent and unskilful ,that he lost the use of his arm ;
that he is no longer able to engage in his accustomed pursuits;
that he has been, and still is, disabled from attending to his ordi-
nary business, whereby he has heretofore obtained support and
maintenance for himself and family, to his damage $5,000.   The
case was heard by Judge Wallace and resulted in a verdict of.
$1,000 for the plaintiff.   The appeal assigns error to the presid-
ing judge at two stages of the case : the first involves his charge
to the jury, and the second his refusal to grant a new trial on
motion made on the minutes of the court after verdict.

The portion of the charge excepted to was as follows :   The
judge said "that when two gentlemen associate themselves to-
gether in the practice of medicine or law or any other scientific
profession, each becomes surety for the other that he will faith-
fully and properly perform his engagements.   And if either fail
to display reasonable care, diligence, and skill in the perform-
ance of his duties, both are liable."   He further said :  "That if
the jury believed the plaintiff and his witnesses as they testified
on the point of the setting of the arm by Dr. C. W. Erwin, and
the plaintiff's complaint at the time that the bandages were too
tight, the great swelling of the arm and the discoloration of the
fingers the next day, the earnest request of the plaintiff and his
wife to him to loosen the bandages, his refusal and leaving the
patient in this condition, and not returning for several days, when
mortification had ensued in consequence, then this made out a
case of wanton injury, in which event the defendant, C. W.
Erwin, alone would be liable."

When these two portions of the charge are considered together,
the law laid down by the Circuit Judge seems to have been this,
to wit, that when two or more physicians are practising their pro-
fession in partnership, reasonable care, diligence, and skill on
the part of each in the performance of their duties is guaranteed

---

[1] To prevent misapprehension, I desire to say that in the statement of
facts, it was not intended to convey the idea that Dr. James Erwin attended
in the first instance, as the testimony shows that he never saw the case
until the Sunday after the accident, which occurred on Tuesday.—W. D.
SIMPSON, C. J.

by each and all of them, and if either fails to exercise such reasonable care, diligence, and skill in the management of a case entrusted to his care, resulting in damages, all will be responsible. If, however, a wanton case of mismanagement is made out against one alone, and damage result from this, the others would not be responsible. Was this error? Certainly not such an error, if any, as to give cause of complaint to either of the defendants. It did no harm to the younger Dr. C. W. Erwin, and it opened a door of escape for the elder Dr. J. D. Erwin, to which, according to strict law, it may be, he was not entitled.

The law applicable to such cases, as we understand it, is the same as that which obtains in the general doctrine of agency; it applies, too, in the relation of master and servant, and like cases. It is this: In a partnership the parties associated are, in one sense, agents of each other, and the act of one within the scope of the partnership or business is the act of each and all, as fully so as if each was present and participating in all that is done. And each guarantees that within the scope of the common business reasonable care, diligence, and skill shall be displayed by the one in charge. Or at least that a failure on the part of one thus to exercise such reasonable care, diligence, and skill is a failure in law of each and all, and an injury resulting from such failure is the act of all. Where, however, the injury results from a wanton or wilful act of one of the parties commmitted outside of the agency or common business, and not from negligence or the failure to bestow reasonable care, diligence, and skill within the agency, then a different principle applies, to wit, that the party doing the act and causing the injury is alone responsible—the distinction between the two cases growing out of the fact that the relation which the party doing the act bears to the others, is different in the one case from the other. In the first his act being within the scope of the business, he acts both for himself and as agent of the others; in the other his act, being beyond and outside of the scope of the business, he acts for himself.

It will be observed, then, that two things are necessary to make the principal responsible for the acts of the agent, under the doctrine of *respondeat superior*, and the same doctrine applies

to partnerships of the character under discussion. First, there must be negligence or a want of reasonable care, diligence, and skill; and, second, an injury must result from this. If either of these is absent, no responsibility attaches to any one, because it requires the presence of both to give rise to a cause of action. Now, an injury in a special case may be the result of an omission on the part of the agent or the party in charge to bestow proper care in doing what he is authorized and attempting to do. Or it may be produced by a direct act on his part within the scope of the business, which act reasonable care and the possession of reasonable skill would have forbidden. Or it may be produced by an act altogether outside of the business and not intended or calculated to further and advance said business. In the first two classes of cases the principal is liable, because here is negligence, the want of proper care within the scope of the business, and resulting in injury. And it makes no difference whether this negligence results from inattention, incompetency, or wantonness. But in the last class of cases, where the party causing the injury has stepped beyond the agency or common business, and committed an act either from wantonness or other motive, the act is his, and he alone can be made responsible. These principles, we think, will be found to be sustained by *Story on Partnership,* § 166, and the cases and authority cited there; by *Cooley on Torts,* and *Wood on Master and Servant,* 593, *et seq.* The charge of the judge is possibly susceptible of the construction that a wanton act of one partner, even within the scope of the business, would relieve the other parties, as he pointed out no distinction between such an act done within and one done without. But if this be so, yet, as we have said above, neither of the defendants could complain for the reason given above.

The appellant complains, however, of the use of the word "surety" by the judge. It is true, as argued by appellant, that this precise term has not been employed in any of the cases involving the relation of partners to each other or in the elementary books on the subject, but we see no error in its use here. It certainly did not intensify, or make more rigid or binding, the responsibility of parties, growing out of partnerships, than if it had been omitted. In fact, its tendency was rather to modify

that responsibility, as sureties on a note might possibly be released sometimes when partners would not be.

This brings us to the question of the refusal to grant a new trial. Under our practice, governed by the code, motions for new trials must always, in the first instance, be made to the court below, either on the minutes of the judge or upon a case or exceptions made. Such motions should be based upon an error of law affecting the verdict or upon error involving the facts, such as insufficient testimony, excessive damage, and the like. If based upon errors of fact, the judgment of the Circuit Judge is final. There can be no appeal to this court in such case, for the reason that this court under the constitution has no appellate power in a jury case, its only province being to correct errors of law in such cases. See *Brickman* v. *S. C. R. R. Co.*, 8 *S. C.*, 173; *Steele* v. *C., C. & A. R. R. Co.*, 11 *Id.*, 589. If, however, the motion below is based upon an alleged error of law occurring in the charge, or otherwise in the progress of the trial, it may be the subject of appeal to this court, and it is only in such cases that a motion below for a new trial can be reviewed here.

Now, was the motion below in this case made upon an alleged error as to facts or an error as to the law? The first ground as found in the case is "that no actual damage being proved, there was no evidence upon which to base a verdict." The second ground starts out with the statement that the verdict was not sustained by the evidence in any sense and more especially in this— then follows a particular specification of the facts intended to show that the verdict was not sustained by the evidence. The third and last is the general ground that the verdict of the jury is otherwise contrary to law, which as is well understood raises no question. It will be seen at once, then, that the motion below having been based entirely upon alleged errors of fact, there is nothing in the appeal as to this motion within the cognizance of this court, under the code, *supra.*

As to the point which was so earnestly pressed by appellant's counsel upon us, to wit, that there being no actual damage alleged in the complaint nor proved, the verdict for consequential damages could not as a matter of law be sustained, it is sufficient to

say that there does not seem to have been any ruling of the Circuit Judge upon that question from anything that appears in the "Case." Nothing in reference to it appears in the charge, nor was there a request made that the judge should instruct the jury upon it. Nor do we see how, after verdict upon the motion for a new trial upon the ground stated, it could be raised as a question of law so as to reach this court, inasmuch as the grounds of that motion, as we have already seen, involved nothing more than a plain question of fact, to wit, whether the verdict of the jury, both as to the fact of negligence and of damage, was sustained by the evidence. The judge, in refusing the motion for a new trial, must have held that the evidence was sufficient as to both of these questions, and we are not at liberty to go behind this finding and consider a question of law which might or might not be applicable in case the finding was reversed.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.